OPINION
TRAXLER, Circuit Judge.
Baltimore Gas and Electric Company (“BG & E”) maintained a group disability plan for the benefit of its employees. Pri- or to September 1, 1997, long-term disability benefits were funded through a group disability policy issued to BG & E by Life Insurance Company of North America, an affiliate of the CIGNA insurance group (“CIGNA”). As an employee of BG & E, Agatha Sokoloski was enrolled in and covered under the CIGNA plan. On September 1, 1997, Metropolitan Life Insurance Company (“MetLife”) replaced CIGNA as the disability carrier and issued a group disability policy that took effect on September 1.
Under the terms of the MetLife plan, an employee who was employed by BG & E on September 1, 1997 would be eligible to participate in the plan as long as the employee had completed one full month of “active work” prior to September 1, 1997. There is no dispute that Sokoloski met the eligibility requirements for the MetLife plan. For coverage under the MetLife plan to become effective for an eligible BG & E employee, the employee must have been “Actively at Work” on September 1, 1997.[1] The MetLife plan provides that “if [the employee is] not Actively at Work, because of Disability on the date [the employee’s] insurance would otherwise become effective, it will become effective on the day [the employee] return[s] to Active Work.” J.A. 41.
On September 1, when the MetLife plan replaced the CIGNA plan, Sokoloski was out on paid sick leave. She had stopped working on August 25, 1997, and was awaiting knee surgery that was performed on September 9. According to Sokoloski, she stopped working on August 25 and began resting in bed before surgery because her back and her knee were bothering her, she was having difficulty walking, and “it was just too difficult for me to work as far as the pain.” J.A 109.
In November 1997, Sokoloski submitted a claim for long-term disability benefits under the CIGNA plan, claiming that chronic pain in both knees and her back prevented her from performing any occupation. CIGNA denied Sokoloski’s claim. With respect to Sokoloski’s knee condition, CIGNA concluded that she had recovered well from knee surgery and that she was “capable of performing [her] duties as a telemarketer upon [her] discharge from Physical Therapy” on October 28, 1997. J.A. 130. As for Sokoloski’s back problem, CIGNA determined that because treatment for that condition did not begin until *211 January 14, 1998, she had not yet satisfied the “Benefit Waiting Period,” a prerequisite for disability benefits under the CIG-NA plan that required Sokoloski to establish that she had been totally disabled for a 180-day period. J.A. 130. CIGNA did not, however, deny coverage of Sokoloski’s back condition based on the September 1, 1997, effective date of the MetLife plan; in fact, CIGNA conceded that “a disabling condition may exist” but explained to Sokoloski that she needed to serve “an additional benefit waiting period ... based on the start of this condition,” J.A. 130, which CIGNA believed to be January 14.[2] CIG-NA informed Sokoloski of her right to appeal the denial of her claim, but she did not pursue benefits under the CIGNA plan any further.
Instead, Sokoloski submitted her claim for long-term disability benefits to MetLife in May 1998. MetLife denied her claim because she was not “Actively at Work” on September 1, 1997, and never returned to work after that date. Therefore, according to MetLife, coverage under the Met-Life plan never became effective for Sokoloski. Sokoloski followed the procedures under the MetLife plan for contesting this decision, but MetLife refused to change its position and continued to deny coverage.
Sokoloski filed a declaratory judgment action against MetLife in state court. MetLife removed the case to federal court on the grounds that Sokoloski’s claims related to benefits under a plan regulated by the Employee Retirement Income Security Act (ERISA). See 29 U.S.C.A. § 1001 et seq. The parties filed cross-motions for summary judgment. The district court agreed with MetLife that coverage under the MetLife plan never became effective for Sokoloski because she was out with her disability and thus not “Actively at Work” on September 1, 1997. The district court concluded that the MetLife plan became effective for an employee who was not “Actively at Work” on September 1, 1997, on the day the employee returns to active work. Because Sokoloski never returned to work after August 25, 1997, the district court held that coverage under the Met-Life plan never became effective. Thus, the court granted summary judgment to MetLife and denied Sokoloski’s cross-motion for summary judgment. We affirm the decision of the district court for the reasons stated in its opinion.[3]

AFFIRMED.

. Under the MetLife plan, an employee is considered "Actively at Work" if "on a day which is one of [the employee’s] scheduled work days ... [the employee is] performing in the usual way all of the regular duties of [the employee’s] work for the Employer on that day, ... at one of the Employer's usual places of business....” J.A. 37.

. Although CIGNA identified the beginning of treatment on January 14, 1998, as the date that Sokoloski's disabling back condition began, she testified at her deposition that she stopped working prior to September 1, 1997, because of pain in her knee and her back.

. On appeal, Sokoloski argues, for the first time, that she may also be entitled to disability benefits under the "Continuity of Coverage” provision in the MetLife plan. We follow the rule “that issues raised for the first time on appeal generally will not be considered.” Karpel v. Inova Health Sys. Servs., 134 F.3d 1222, 1227 (4th Cir.1998). Sokoloski has not given us a reason to withhold application of this general rule.